UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARWAN ABDULKAREEM HAMDAN, <br><br> Defendant. | 4:23-CR-40041-KES <br><br> ORDER FOR ADDITIONAL BRIEFING |

Pending before the court is defendant, Marwan Hamdan's, motion to suppress. Docket 29. Magistrate Judge Duffy held an evidentiary hearing and subsequently issued a Report and Recommendation. Docket 32; Docket 40. The Report found Detective Mayberry and Detective Leacraft violated Hamdan's Fourth Amendment rights by impermissibly prolonging a routine traffic stop under *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). Docket 40 at 25-26. Nevertheless, the Report found exclusion to be inappropriate based on language in *Herring v. United States*, 555 U.S. 135, 144 (2009). Docket 40 at 26-29. In *Herring*, the Supreme Court stated that the "exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." 555 U.S. at 144.

In *Herring*, the Court held that an officer's reasonable reliance on a negligent bookkeeping error by another record keeper did not justify exclusion. *See Herring*, 555 U.S. at 137, 147-48. *Herring* falls within a series of cases in which the Court has extended the so-called "good-faith" exception that was originally articulated in *United States v. Leon*, 468 U.S. 897, 913-22 (1984). In *Leon*, the Court held that generally, the exclusionary rule does not apply where an officer reasonably relies on a defective search warrant issued by a judge. *See id. Leon* reasoned that the exclusionary rule

serves as a deterrent to police misconduct, and thus suppressing evidence that officers discovered based on the actions of an independent judge's mistake does not align with such purpose because where there is no police illegality, there is "nothing to deter." *Id.* at 920-21.

Shortly after issuing *Leon,* the Supreme Court extended its reach by holding exclusion to be inappropriate when officers reasonably but mistakenly relied on statutes authorizing warrantless administrative searches that were later declared unconstitutional. *See Illinois v. Krull*, 480 U.S. 340, 355-57 (1987). The Court then decided *Arizona v. Evans*, 514 U.S. 1, 4, 14-16 (1995), in which the Court extended *Leon* to an instance in which officers reasonably, but erroneously, relied on court employees' representations that there was an outstanding arrest warrant. The Court in *Herring* extended *Evans* to a situation in which a record keeper at a police station incorrectly informed officers of an outstanding arrest warrant, and such officers reasonably relied on the mistake. *See Herring*, 555 U.S. at 137, 147-148. In the most recent decision in this line of cases, the Court in *Davis v. United States*, 564 U.S. 229, 239-40 (2011) held that exclusion is improper when an officer reasonably relied on then-binding judicial precedent authorizing a search at the time such officer acted, but whose search was later determined to violate the Fourth Amendment. In all of these cases, the Court has made clear that despite the name of this exception being the "good-faith" exception, the relevant inquiry is not whether officers subjectively acted in good faith, but rather "whether a reasonably well-trained officer would have known that the search was illegal" in light of "all of the circumstances." *Leon*, 468 U.S. at 922, n. 23; *Krull*, 480 U.S. at 355 ("[T]he standard of reasonableness we adopt is an objective one; the standard does not turn on the subjective good faith of individual officers."); *Herring*, 555 U.S. at 145-46; *Davis*, 564 U.S. at 241.

But none of these Supreme Court cases directly address the situation here: whether *Leon*'s "good-faith" exception applies to on-the-ground decisions by law enforcement officers who did not rely on any outside sources of information, but rather possibly miscalculate[1] the lawfulness of their actions based on their own judgment. Neither party briefed this issue before Magistrate Judge Duffy issued the Report, and the Government did not submit briefing on this issue after the Report found *Leon*'s exception applicable. Based on the lack of briefing and because the Report appears to recommend an extension of the "good-faith" exception, the court requests the parties brief the following issue:

Whether the principles of *Leon* should be extended in instances where officers do not rely on outside information but rather their own judgments, and if so, whether the "good-faith" exception should apply to the law enforcement officers' actions in this instant case.

Thus, it is

ORDERED that the parties file additional briefing on these issues. Both parties' initial briefs are due May 30, 2024, and the parties' responses to each others' briefs are due June 6, 2024.

Dated May 13, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] At this time, the court states no position about whether it agrees with the Report's findings that law enforcement officers violated the Fourth Amendment. *See* Docket 40 at 25-26.